**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

STEVEN L. WONG,

      Plaintiff,

      v.

ERICA TOBIN et al.,

      Defendants.

Civil Action No. 14-6037 (SRC)

**OPINION & ORDER**

**CHESLER**, **U.S.D.J.**

      This matter comes before the Court on three motions: 1) the motion to dismiss the Amended Complaint for failure to state a valid claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendant The Vanguard Group ("Vanguard"); 2) the motion to dismiss counts 1 through 7 of the Amended Complaint for failure to state a valid claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Richard Cuneo, James P. Lede, PNC Bank, N.A., and Erica Tobin (collectively, the "Other Defendants"); and 3) the motion for sanctions by the Other Defendants. For the reasons stated below, both motions to dismiss will be granted, and the motion for sanctions will be denied.

      The Amended Complaint asserts eight claims: 1) violation of 42 U.S.C. § 1983, against Defendant Erica Tobin ("Tobin"); 2) violation of the New Jersey Consumer Fraud Act ("NJCFA"), against Tobin; 3) violation of 42 U.S.C. § 1983, against Defendant James Lede ("Lede"); 4) violation of the NJCFA, against Lede; 5) violation of the NJCFA, against Richard Cuneo ("Cuneo"); 6) violation of the NJ RICO Act, against PNC Bank, N.A. ("PNC"); 7) violation of the NJCFA, against PNC; and 8) violation of the NJCFA, against Vanguard.

      Vanguard moves to dismiss Count 8 of the Amended Complaint for failure to state a valid

claim. Vanguard contends that Count 8 fails to allege that it engaged in conduct prohibited by the NJCFA, and that Count 8 fails to allege a consumer transaction.

"To prevail on a CFA claim, a plaintiff must establish three elements: 1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." Zaman v. Felton, 219 N.J. 199, 222 (2014). "The capacity to mislead is the prime ingredient of all types of consumer fraud." Cox v. Sears Roebuck & Co., 138 N.J. 2, 17 (1994).

Count 8 alleges that Vanguard committed "unconscionable commercial practices, deception, fraud . . ." (Am. Compl. at 25.) This is, however, purely conclusory, as the Amended Complaint pleads no facts to support a claim for violation of the CFA. The Amended Complaint does not allege any facts which make plausible a claim that a Vanguard employee engaged in misleading or fraudulent conduct. As to Count 8, Vanguard's motion to dismiss will be granted, and Count 8 will be dismissed without prejudice.

The Other Defendants move to dismiss Count 1 through Count 7 on various grounds. First, Defendants argue that the § 1983 claims against Tobin and Lede fail to state a valid claim because a notary public not employed by the state cannot be a state actor. The Other Defendants contend that the Amended Complaint does not allege facts which make plausible that Tobin or Lede meets the standard for a state actor articulated by the Third Circuit in Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). In opposition, Plaintiff offers no analysis, but only a list of cases with holdings, none of which stand for the proposition that a notary public is necessarily a state actor under § 1983.

The Third Circuit has held: "The state action principle is stated succinctly as follows: at

base, constitutional standards are invoked only when it can be said that the government is responsible for the specific conduct of which the plaintiff complains." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141-1142 (3d Cir. 1995) (citation omitted).  Plaintiff has not alleged facts which make plausible that the government of the State of New Jersey is responsible for the specific actions of the notary defendants.  Nor do there appear to be any facts which Plaintiff could allege which would make plausible that the notaries functioned as state actors under § 1983.  Counts 1 and 3, asserting § 1983 claims against Tobin and Lede, will be dismissed with prejudice.

The Other Defendants next argue that the Consumer Fraud Act claims, Counts 2, 4, 5, and 7, fail to state a valid claim because they fail to allege facts which support the elements of a CFA claim.  In particular, the Other Defendants contend that the Amended Complaint fails to allege facts supporting the elements of ascertainable loss and proximate causation.  Indeed, the pleading of the CFA claims is purely conclusory.  The Amended Complaint identifies the conduct of each Defendant, but then offers scant facts to make a causal link between the conduct alleged and the injury suffered by Plaintiff.  Moreover, the Amended Complaint does not plead facts which make plausible that a transaction occurred which falls within the scope of the CFA: it is not clear how the conduct alleged gives rise to liability under the CFA.  As to Counts 2, 4, 5, and 7, the motion to dismiss will be granted, and these Counts will be dismissed without prejudice.

As to Count 6, the NJ RICO claim, the Other Defendants contend that it fails to state a valid claim because it fails to plead sufficient facts to make proximate causation plausible.  The pleading of Count 6 is manifestly deficient; the Amended Complaint does not plead sufficient facts to make an NJ RICO claim plausible.  As to Count 6, the motion to dismiss will be granted, and Count 6 will be dismissed without prejudice.

The Other Defendants have also moved for Rule 11 sanctions on Plaintiff and his counsel, arguing that the pleadings contain frivolous claims. This Court finds that this motion is premature, and turns on issues that have yet to be adjudicated. The motion for Rule 11 sanctions will be denied without prejudice.

For these reasons,

**IT IS** on this 17th day of June, 2015,

**ORDERED** that Vanguard's motion to dismiss the Amended Complaint for failure to state a valid claim (Docket Entry No. 15) is **GRANTED**, and, as to Count 8 against Defendant Vanguard only, the Amended Complaint is dismissed without prejudice; and it is further

**ORDERED** that the Other Defendants' motion to dismiss Counts 1 through 7 of the Amended Complaint (Docket Entry No.10) is **GRANTED**, and, as to the Other Defendants, Counts 1 and 3 are hereby **DISMISSED** with prejudice, and Counts 2, 4, 5, 6, and 7 are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that the motion for Rule 11 sanctions (Docket Entry No. 19) is **DENIED** without prejudice.

                                                                          s/ Stanley R. Chesler
                                                        Stanley R. Chesler, U.S.D.J.